SLIP OPINION

Cite as 2014 Ark. App. 518

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-258

| | | |
|---|---|---|
| ROBERT BOYD | | |
| | APPELLANT | **Opinion Delivered** October 1, 2014 |
| V. | | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. F900673] |
| MADISON COUNTY and AAC RISK MANAGEMENT | | |
| | APPELLEES | AFFIRMED |

---

**ROBIN F. WYNNE, Judge**

Robert Boyd appeals from a decision of the Arkansas Workers' Compensation Commission denying his claim for benefits in connection with illnesses he alleged resulted from being exposed to mold at his workplace. He argues on appeal that the Commission's findings are not supported by substantial evidence. We disagree and affirm by issuing this memorandum opinion.

When the Commission denies benefits because the claimant has failed to meet his burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. *Wright v. Conway Freight*, 2014 Ark. App. 451, ___ S.W.3d ___. We view the evidence in the light most favorable to the Commission's decision and affirm if it is supported by substantial evidence. *Id*. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id*. The issue is not whether we might have reached a different

result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Id.* We defer to the Commission's findings of credibility and the resolution of conflicting evidence. *Id.*

We may issue memorandum opinions in any or all of the following cases:

(a) Where the only substantial question involved is the sufficiency of the evidence;

(b) Where the opinion, or findings of fact and conclusions of law, of the trial court or agency adequately explain the decision and we affirm;

(c) Where the trial court or agency does not abuse its discretion and that is the only substantial issue involved; and

(d) Where the disposition of the appeal is clearly controlled by a prior holding of this court or the Arkansas Supreme Court and we do not find that our holding should be changed or that the case should be certified to the supreme court.

*In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985).

This case falls within categories (a) and (b). The only substantial question on appeal is whether the Commission's opinion was supported by sufficient evidence. Our review of the record reflects that it was. Further, the Commission's opinion adequately and thoroughly explained the decision reached. Accordingly, we affirm by memorandum opinion.

Affirmed.

HARRISON and GLOVER, JJ., agree.

*Taylor Law Partners, LLP*, by: *Timothy J. Myers*, for appellant.

*Michael E. Ryburn*, for appellees.